JAMES A. FERGUSON et al., Appellants, v. JOHN M. FERGU-
SON et al., Appellees.

**CANCELLATION OF INSTRUMENTS:** Grounds—Options—Incum-
brances by Optionee. A written recorded option to purchase
real estate may not be canceled by reason of acts of dominion
over the property by the optionee which in no wise lessen the
estate of the optionor. So held where the optionee in posses-
sion mortgaged the property to one fully cognizant of the state
of the title.

*Appeal from Floyd District Court.—*C. H. KELLEY, Judge.

DECEMBER 10, 1917.

ACTION to cancel an option to purchase an interest in
land, executed by plaintiff James A. Ferguson to John M.
Ferguson, and to cancel two mortgages executed by John
M. Ferguson and wife to the defendant bank. Demurrers
to the petition were sustained, and plaintiffs appeal.—*Af-
firmed.*

*Eggert & Eggert,* for appellants.

*J. A. Campbell,* for appellees.

PRESTON, J.—Plaintiffs are husband and wife, and de-
fendants John M. and Ethel Ferguson are husband and
wife. John and James are brothers. It is alleged that
they are co-owners of 240 acres of land described in the
petition, each owning an undivided half interest, subject
to a life annuity to their mother, which was made a lien on
the land; that, in June, 1910, defendants John M. and
wife executed a mortgage to defendant bank, mortgaging
the undivided one-half interest of John M. to secure the
payment of $5,000; that, in May, 1914, plaintiffs executed to
defendant John M. an option to purchase their undivided
half interest in said real estate; that thereupon, about

March 1, 1915, defendant John M. moved onto the land as renter of plaintiffs' undivided interest; that he so moved onto the land under the option before referred to, by which John agreed to pay his brother, as rent for plaintiffs' undivided interest, $570 per annum, and pay the taxes and make all necessary repairs on the farm; that, about January 15, 1915, John and wife, without the knowledge or consent of plaintiffs, and without having purchased plaintiffs' undivided interest under the option, executed two mortgages on the common property to defendant bank; that plaintiffs lived in Dakota, and they discovered in the spring of 1915 that the mortgages had been executed and recorded; that thereupon, plaintiffs notified defendants in writing that the acts of John in mortgaging plaintiffs' property without any right were wrongful and illegal, and demanded that the option be annulled on account of the questionable means of obtaining and misusing same, and that the mortgages which included plaintiffs' half interest be cancelled, and gave them 15 days to comply. Copies of the option, mortgages and notice are attached to the petition and made part of it. Plaintiffs prayed that the two mortgages last executed be cancelled or annulled, as to the undivided half interest of plaintiffs, and that the option be cancelled and declared forfeited, and for general equitable relief. We have set out the petition fully, in order to show the grounds upon which plaintiffs asked relief. The option was executed May 27, 1914, and by it defendant was given the right to purchase plaintiffs' undivided interest for $11,400, on or at any time before March 1, 1920, and defendant John was given the right to possession after March 1, 1915, upon payment of the $570 annually. The option was duly acknowledged and recorded.

The defendants, John and wife and the bank, filed separate demurrers. The demurrer of John and wife is on the grounds: First, that plaintiffs are not entitled to the relief

demanded; second, it does not appear from the petition that defendants or either of them failed in any way to carry out any of the provisions of the said option; third, it does not appear from the petition that plaintiffs are entitled to any re-lief; fourth, it does not appear that John M. is in default as to any of the terms of the option purchase; fifth, the option was properly recorded, and it does not appear from the peti-tion that the interest of plaintiffs has been in any way jeop-ardized. The demurrer of the bank is on similar grounds as to some of the matters, and further, that the two mort-gages last executed in no wise affect, and are not a lien on, the interest the plaintiffs have in the property; that the interest of plaintiffs in the property is not jeopardized be-cause of said mortgages; and no facts are stated which entitle plaintiffs to a cancellation of said mortgages.

A number of propositions are argued at length by ap-pellants which are not raised by the petition. The only claim set out in the petition for canceling the option from plaintiff to defendant John is the execution of the last two mortgages to the bank. It is not alleged in the petition that there was any fraud or inadequacy of consideration or any reason for setting aside the option other than as stated, the execution of the mortgage; nor is it alleged that defendant John has in any manner defaulted in the payment of taxes, or other things to be performed by him under the option. It is intimated by defendants that there has been an increase in the values of real estate since the execution of the option, and that this is the real reason for plaintiffs' desire to have it set aside.

It is true that the two mortgages cover all the land, but defendants John and wife could not mortgage plaintiffs' in-terest. The option was recorded, and this would be notice to the bank and the world of the rights of the parties, John and James. John could obtain no title by reason of the option until he had exercised his right of purchase and

completed the transaction.  Indeed, one ground of the demurrer of the bank is, in part, that plaintiffs' interest is not jeopardized because of the mortgages, and counsel for the bank say in argument that the bank knew of the contract between the brothers, and knew that its mortgages covered only the interest of John M.  We must determine the matter upon the allegations of the petition, and we think the court rightly held that no reason was shown for canceling the option or mortgages.

Appellants commence their argument in this way:

"This case being in equity, whose limits are endless and reach as far as those of the Golden Rule, you will pardon your friend when he, in his address, at times avoids the guide posts wisely erected within the realms of law, but sometimes necessarily avoided in the grander fields of equity.  *  *  *  The district court upholds the defendants' arbitrary actions and, by upholding two demurrers filed by defendants, compelled plaintiffs to seek justice in the Supreme Court.  This astounding decision staggered friend and foe alike, and would mean, if it were law, that the giving of any option to purchase real estate was co-extensive with the permission to sell or mortgage the same to Tom, Dick or Harry, thus opening an excellent field for fraud and its kindred vices.  *  *  *  The very moment when the two mortgages were filed for record by the bank, the plaintiffs' title to the property therein described was lost to plaintiffs unless they paid the mortgages as stipulated therein, or gave valid reasons for not being obliged to pay, or show the mortgages are or were invalid.  *  *  *  That the giving of the two mortgages impair, if they do not destroy, plaintiff's credit, and disgrace his father's memory, by reducing the freehold descended from a noble father to his sons, free from debt, but now soiled with the unerring proofs of extravagance, shiftlessness, and in this

case treachery, whether premeditated or not, we shall not now decide."

Appellants cite Code Section 5042, in regard to fraudulent conveyances and punishment therefor; but, as said, some of the matters argued are not covered by the petition. They also cite cases to the effect that the mortgagee obtains such an interest in real estate that he is a purchaser, within the meaning of the recording acts. They also cite cases that, where a deed is procured from one of inexperience for an inadequate consideration, and as the result of undue influence growing out of confidential relationship, it would be set aside as fraudulent, and claim that the evidence, under the cases cited, is sufficient to show fraud. Further, that a grantor who, through fraud, was induced to convey her land for an inadequate price, is not estopped from setting up the fraud against a subsequent purchaser who had knowledge of it and participated therein. Appellants also cite Section 3044 of the Code, in regard to the assignment of non-negotiable instruments. There is more in the argument of like character, but these matters are outside the case made in the petition.

Appellees say of appellants' argument:

"We have read with considerable pleasure and some amusement the argument of counsel for plaintiffs, in which we cannot but admire the easy style, flowing sentences and rounded periods. As a literary instrument, it is undoubtedly excellent; as a story of fiction, it undoubtedly would meet the approval of the magazine editors; but as a bare, dry argument of law, it perhaps is not up to the standard. A great many things are taken for granted in the arguments that nowhere appear in the abstract."

Without further discussion, it is our conclusion that the judgment of the district court, under the record, was right, and it is, therefore,—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.